THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

v.

JOHN NORRIS.

31 583
48 505

31 583
68L 175

1. To constitute an equitable estoppel, the defendant must have done an act, or made an admission, the natural effect of which was to influence the conduct of the complainant, and which has induced him to change his position or condition, so that, if the defendant is afterwards permitted to deny the truth of his words or conduct, the complainant must suffer harm.

2. Where the complainant's act (which he says he was induced to do by the defendant's representation or act) appears to be rather the result of his own will or judgment than the product of the defendant's representation or act, there can be no estoppel.

On final hearing on bill, answer and replication, and proofs taken orally.

*Mr. E. Q. Keasbey,* for complainants

*Mr. Robert S. Green,* for defendant.

THE VICE-CHANCELLOR.

This is a foreclosure suit. No question is raised as to the validity of the complainants' mortgage; the dispute is confined to the complainants' right to tack to their mortgage debt a payment made by them in discharge of an assessment imposed upon the mortgaged premises by the municipality within which they are situate.

The mortgage provides that the defendant shall pay all taxes, charges and assessments imposed by law upon the mortgaged premises, as soon as the same become payable, and that, in case he does not, it shall be lawful for the complainants to pay them and add them to the debt secured by their mortgage. The mortgaged premises are situate in the city of Elizabeth. Prior to the execution and registry of the complainants' mortgage, the mortgaged premises were

assessed with part of the cost of a pavement laid on a street adjacent to them, and they were subsequently sold to the city for a term of years, for the payment of this assessment. This assessment is the subject of the dispute in this case. They were also sold several times, after the execution of the complainants' mortgage, for the payment of other impositions. These sales did not, without additional action, affect the complainants' rights. The charter provides that the rights of a mortgagee, whose mortgage shall have been recorded before a sale for a tax or assessment is made, shall not be divested until he has had six months' written notice of the sale, and an opportunity to redeem. Such notice was given to the complainants, and they thereupon required the defendant to pay the assessment in controversy, and also the other charges for which the mortgaged premises had been sold. They aggregated over $2,000. The defendant professed inability to comply with this requirement, but stated that if the complainants would make him a further loan, to be secured by the pledge of other real estate, the money should be used to pay these burdens. To this end he made a formal application for another loan, upon a stipulation that, if it was granted, the money should be applied as already stated. His application was rejected, and the complainants afterwards paid the assessment in dispute, and also the other charges in arrear, and took an assignment of the rights of the city against the mortgaged premises.

At the time these transactions took place, both parties regarded the assessment in question as valid. Subsequently, the court of errors and appeals declared that that portion of the charter, by force of which it was imposed, was a nullity. *Bogert* v. *City of Elizabeth, 12 C. E. Gr. 568.* This adjudication deprived the assessment of all legal warrant. Unless, therefore, the complainants can show something in support of their claim, possessing greater efficacy than the law under which the assessment was made, they are not entitled to recover. They insist that the defendant's application for a loan, accompanied as it was by a promise that the money

should be used to pay the assessment, was such an admission of its validity as will, in equity, preclude him, after they have acted on it, from disputing it.

They rest their right to recover on an equitable estoppel. To constitute such an estoppel, the defendant must have done an act or made an admission, the natural effect of which was to influence the conduct of the complainants, and which has induced them to change their position or condition, so that, if he is now permitted to deny the truth of his words or conduct, the complainants must suffer harm. Justice Elmer, in *Phillipsburg Bank* v. *Fulmer, 2 Vr. 55,* said: " To constitute an estoppel *in pais* there must be an admission intended to influence, or of such a nature as will naturally influence, the conduct of another, and so change his condition as materially to injure him if the party making it is allowed to retract it." In the case under consideration, both parties seem to have acted in ignorance of what the actual state of the law was. Where both parties have equal opportunities of knowledge, and they both act in ignorance of the real state of the case, and the complainant's act, which he says was induced by the defendant, appears to be rather the result of his own will or judgment than the consequence of the defendant's act or representation, there can be no estoppel. *Baldwin* v. *Richman, 1 Stock. 399 ; Richman* v. *Baldwin, 1 Zab. 403.* The main purpose of the doctrine is to prevent fraud; there can, therefore, be no estoppel without fraud, either actual or legal. Hence, to impart this virtue to a representation, it must be made by a person with knowledge of the truth, or, what is the same thing in legal ethics, by a person whose duty it is to know the truth, to one who is ignorant of it. And he must make it with the intention of influencing the conduct of another, or under such circumstances as to show that he had reason to believe, when he made it, that it would influence the conduct of another. *Kuhl* v. *Jersey City, 8 C. E. Gr. 84.* He who seeks to take advantage of an estoppel, must show that he has been

misled by the works or conduct of another. *Dewees* v. *Manhattan Ins. Co., 6 Vr. 366.*

The case made against the defendant is, in my judgment, devoid of every element of an estoppel. The complainants paid, not because they reposed confidence in the defendant's judgment or representation that the assessment was valid, but because they themselves thought it was valid, and that its payment was necessary to preserve their rights. In the whole of the business the complainants were represented by a lawyer distinguished alike for learning and acumen, and it is quite incredible that either he or they were influenced in the slightest degree by any statement of a legal proposition which the defendant may have made, either directly or inferentially. It is much easier to believe that the defendant was influenced by the complainants' conduct than that their action was induced by his. His application for a loan was the natural result of their demand upon him to pay, and when their counsel urged him to pay the assessment, he had a right to understand that their counsel knew of no reason why it should not be paid, and of no ground upon which its validity could be assailed.

The complainants are only authorized to add to their mortgage debt payments which they have made in discharge of burdens imposed upon the mortgaged premises by authority of law; the payment in question having been made in discharge of an imposition made without legal warrant, is not recoverable.